### HARVEY v. NESANOVICH et al.
#### No. 16540.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

Spearing, McClendon, McCabe & Schmidt and Edward T. Froeba, all of New Orleans, for appellant.

L. L. Burton, of New Orleans, for appellee.

WESTERFIELD, Judge.

Herbert J. Harvey brought this suit against Anthony A. and Anthony J. Nesanovich, in solido, claiming $131.61, of which amount $122.26 represents rent of the premises, No. 1821 London avenue, and $9.35 for water used on the premises during the occupancy of defendants. In a supplemental petition, plaintiff asked, in addition to the sum demanded in the original petition, 25 per cent. thereof as attorney's fees and 8 per cent. interest. Anthony J. Nesanovich answered and in effect denied all the allegations of plaintiff's petition. Anthony A. Nesanovich admitted having rented the property from plaintiff and admitted owing the rent claimed, but contended that it was subject to a credit of $75. He denied owing any sum for water.

There was judgment dismissing plaintiff's suit as against Anthony J. Nesanovich and awarding plaintiff judgment against Anthony A. Nesanovich in the sum of $128.31 with interest and attorney's fee. Anthony A. Nesanovich has appealed, and plaintiff has acquiesced in the judgment dismissing his claim as against Anthony J. Nesanovich.

Defendant's claim for a reduction of $75 is based upon an alleged agreement entered into with plaintiff's brother, who is in the real estate business, under the terms of which, it is said, a certain shed was to be erected on the leased premises at the expense of plaintiff, the cost being $150, one half of which was for material and the

608

other half for labor in connection with the erection of the shed. The material was paid for by plaintiff, but the labor was paid by the defendant, and he has not been reimbursed. In regard to this alleged agreement, it is sufficient to say that it has not been established. Both plaintiff and his brother testified that the agreement concerning the erection of the shed obligated the plaintiff to pay only the cost of the material, the cost of labor to be paid by defendant. As against this testimony there is only the statement of defendant himself. This claim must be disallowed.

In regard to the attorney's fee and interest, as we have seen, this was claimed by the plaintiff in a supplemental petition. It is based upon a receipt given by S. A. Harvey, plaintiff's brother, which is on a printed form. This receipt acknowledges payment of $22.50 from Anthony A. Nesanovich as rent for the month of November, 1933, and contains the following printed provisions:

"The lessee pays the amount of rent stipulated herein and receipt is hereby acknowledged under the above agreement. Nothing in this agreement shall be construed to extend the verbal lease for a longer period than one month, but it is agreed and understood that this agreement is and shall be in full force and effect during the occupancy of these premises by the lessee.

"In the event I am delinquent in paying the monthly rent when due, to-wit: 25 Nov. (inserted in pencil) day of each month, I agree and bind myself to pay 8 per cent per annum on all delinquent rent money also 25% attorney fees and court costs, minimum attorney fees fixed at five dollars."

The receipt bears Nesanovich's signature as well as that of Harvey.

It is not pretended that the stipulation concerning attorney's fees and interest formed any part of the original verbal lease of the premises which was from month to month. The explanation given of the peculiar form of receipt used by the plaintiff's brother is illuminating. Mr. S. A. Harvey, when asked why the stipulation for attorney's fees was put in a receipt instead of being a part of the agreement of lease, frankly declared that it was put in the form of receipt because to do otherwise would affect his ability to rent the property. In other words, prospective tenants would be unlikely to agree to such terms if insisted upon in the original agreement. Perhaps, as Mr. Harvey contends, the belated agreement concerning attorney's fees is more readily accepted by his customers, but on our part we consider it a most undesirable practice and one which, in this instance, we are pleased to be able to declare of no legal effect, because wholly lacking in mutuality. The claim for attorney's fees and interest will be disallowed.

In regard to the water bills, to the extent that they have been allowed we believe to be properly chargeable to defendant.

For the reasons assigned, the judgment appealed from will be amended by disallowing the 25 per cent. attorney's fees and 8 per cent. interest awarded plaintiff, and the judgment will bear interest at the legal rate from judicial demand, and costs of appeal will be paid by plaintiff, the costs of the lower court to be paid by defendant. In all other respects the judgment appealed from is affirmed.

Amended and affirmed.